1  ZACHARY S. TOLSON, ESQUIRE - State Bar #242824
   ANGELIQUE HERNANDEZ - State Bar #349156
2  GOODMAN NEUMAN HAMILTON LLP
   100 Bush Street, Suite 1800
3  San Francisco, California 94104
   Telephone:    (415) 705-0400
4  Facsimile:    (415) 705-0411
   Emails: ztolson@gnhllp.com / ahernandez@gnhllp.com
5
   Attorneys for Defendant
6  HOME DEPOT U.S.A., INC.
   (erroneously sued herein as "THE HOME DEPOT; THE HOME DEPOT, INC.;
7  HOME DEPOT STORE SUPPORT, INC.; HOME DEPOT PRODUCT AUTHORITY, LLC;
   NEW HOME DEPOT PRODUCT AUTHORITY, LLC")
8

9                    UNITED STATES DISTRICT COURT

10                  EASTERN DISTRICT OF CALIFORNIA

11 | COY CAULFIELD, an individual; and | Case No.
   | RENEE CAULFIELD, an individual,
12 |                                    | **NOTICE OF REMOVAL OF ACTION**
   |                        Plaintiffs, | **UNDER 28 U.S.C. §§ 1441 AND 1446(b)**
13 |                                    | **BASED ON DIVERSITY OF CITIZENSHIP**
   | vs.                                | **UNDER 28 U.S.C. § 1332**
14 |                                    |
   | THE HOME DEPOT; THE HOME           | **JURY TRIAL DEMANDED**
15 | DEPOT, INC.; HOME DEPOT STORE      |
   | SUPPORT, INC.; HOME DEPOT U.S.A.,  |
16 | INC.; HOME DEPOT PRODUCT           | Action filed: May 22, 2023
   | AUTHORITY, LLC; NEW HOME           | Trial date: not set
17 | DEPOT PRODUCT AUTHORITY, LLC;      |
   | and, DOES 1 through 100, inclusive,|
18 |                                    |
   |                        Defendants. |
19

20      **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

21          PLEASE TAKE NOTICE that Defendant HOME DEPOT U.S.A., INC. (hereinafter

22 "HOME DEPOT"), by and through its counsel, hereby remove the above-captioned action from

23 the Superior Court of the State of California, in and for the County of Solano, to the United

24 States District Court, Eastern District of California, for the reasons described below:

25          1.      HOME DEPOT is the Defendant in a civil action pending against it in the Solano

26 County Superior Court, entitled *Roy Caulfield and Renee Caulfield vs. The Home Depot, et al.*,

27 Case No. CU23-01531.

28          2.      Attached hereto as **Exhibit A** is a true and correct copy of the Complaint.

GOODMAN NEUMAN
HAMILTON LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104
Tel.: (415) 705-0400
Fax: (415) 705-0411

-1-

1    3.    Home Depot filed an Answer to Plaintiffs' Complaint on July 5, 2023. A filed-
2    endorsed copy of the Answer has not yet been received but will be provided to the Court upon
3    receipt. A copy of the Answer is attached hereto as **Exhibit B**.

4    4.    Venue is proper in this Court because the boundaries of the United States District
5    Court for the Eastern District of California, pursuant to 28 U.S.C. § 84(b) include Solano
6    County.

7    5.    Following the filing of this Notice of Removal of Action, written notice of this
8    filing will be served on counsel for Plaintiffs and will be filed with the Clerk of the Superior
9    Court of California for the County of Solano, in accordance with 28 U.S.C. § 1446(d).

10                                    **JURISDICTION**

11    6.    This is a civil action over which this Court has original jurisdiction under 28
12    U.S.C. § 1332. This case may be removed to this Court by HOME DEPOT pursuant to the
13    provisions of 28 U.S.C. §§ 1441(b) and 1446 in that it is a case that could have been commenced
14    in federal court based on diversity of citizenship.

15    7.    Diversity jurisdiction applies for the following reasons:

16    a.    On information and belief, and per the allegations in Plaintiffs' Complaint,
17    at all times relevant to removal jurisdiction, both Plaintiffs are and were residents of the State of
18    California.

19    b.    Both at the time that this action was commenced and at this time, HOME
20    DEPOT was incorporated in Delaware and has its principal place of business in Georgia. HOME
21    DEPOT's corporate offices are located in Atlanta, Georgia, where its finance, accounting,
22    purchasing, treasury, marketing, training, human resources, information systems, internal audit,
23    and legal departments are located, making policy decisions that affect the entire company.
24    "'[P]rincipal place of business' refers to the place where a corporation's officers direct, control,
25    and coordinate the corporation's activities… i.e., the 'nerve center.'" (*Hertz Corp. v. Friend*, 130
26    S.Ct. 1181, 1184 (U.S., 2010).) "For purposes of removal… the citizenship of defendants sued
27    under fictitious names shall be disregarded." (28 U.S.C. §1441(a).)

28    c.    "The Home Depot" is believed to be the informal method of referring to

Goodman Neuman
Hamilton LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104
Tel.: (415) 705-0400
Fax: (415) 705-0411

-2-

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1441 AND 1446(b) BASED ON DIVERSITY
OF CITIZENSHIP UNDER 28 U.S.C. § 1332**

The Home Depot, Inc. The Home Depot, Inc. is incorporated in Delaware with the principal place of business in Georgia. Home Depot Store Support, Inc. is also incorporated in Delaware with the principal place of business in Georgia. The sole members of both Home Depot Product Authority, LLC and New Home Depot Product Authority, LLC (which entities are merged) are The Home Depot, Inc., which is incorporated in Delaware with the principal place of business in Georgia.  All of this is judicially noticeable under F.R.C.P. 201 and can be accurately and readily determined via reference to the Georgia Secretary of State's website. While it is debatable whether some of these entities actually or still exist, or whether they have been properly joined and/or served, per 28 U.S.C. §1446(b)(2)(A), they consent to removal.

d.    Removal becomes viable when the defendant is able to intelligently ascertain that a claim exceeds $75,000. (*Huffman v. Saul Holdings Ltd. Partnership* (1999) 194 F.3d 1072, 1078.) Here, notwithstanding that all damages and liability are disputed, Plaintiffs have sought, or at one time claimed, $350,000 in damages. (Relevant excerpts attached as **Exhibit C**.) Accordingly, it is reasonably ascertainable that the amount in controversy in this case exceeds the $75,000 threshold specified in 28 U.S.C. § 1332(a).

8.    Based on the foregoing, the matter is removable pursuant to 28 U.S.C. §§ 1332 and 1446(b).

WHEREFORE, the undersigned requests that the action described above be removed in its entirety to this Court for all further proceedings pursuant to 28 U.S.C. § 1441, et seq.

### DEMAND FOR JURY TRIAL

Defendant demands a jury trial of 12 jurors pursuant to Federal Rules of Court, Rule 48.

DATED:  July 5, 2023

GOODMAN NEUMAN HAMILTON LLP

By: _____
ZACHARY S. TOLSON
ANGELIQUE HERNANDEZ
Attorneys for Defendant
HOME DEPOT U.S.A., INC.

GOODMAN NEUMAN
HAMILTON LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104
Tel.: (415) 705-0400
Fax: (415) 705-0411

-3-

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1441 AND 1446(b) BASED ON DIVERSITY OF CITIZENSHIP UNDER 28 U.S.C. § 1332

# EXHIBIT A

DAVID P. MASTAGNI (SBN 57721)
GRANT A. WINTER (SBN 266329)
**MASTAGNI HOLSTEDT, A.P.C.**
1912 I Street
Sacramento, CA 95811
Tel: (916) 446-4692
Fax:(916) 447-4614
*Email: gwinter@mastagni.com*

Attorneys for Plaintiffs COY CAULFIELD and
RENEE CAULFIELD

**FILED/ENDORSED**
Clerk of the Superior Court

MAY 23 2023

By K. FUENTES
DEPUTY CLERK

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF SOLANO

|  |  |
|---|---|
| COY CAULFIELD, an individual; and RENEE CAULFIELD, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> THE HOME DEPOT; THE HOME DEPOT, INC; HOME DEPOT STORE SUPPORT, INC.; HOME DEPOT U.S.A., INC.; HOME DEPOT PRODUCT AUTHORITY, LLC; NEW HOME DEPOT PRODUCT AUTHORITY, LLC; and, DOES 1 through 100, inclusive, <br><br> Defendants. | **CASE NO.:** CU23-01531 <br><br> **COMPLAINT FOR PERSONAL INJURIES AND DAMAGES** <br><br> (1) NEGLIGENCE (PREMISES LIABILITY) <br> (2) LOSS OF CONSORTIUM <br><br> **[UNLIMITED JURISDICTION: AMOUNT EXCEEDS $25,000.00]** <br><br> ASSIGNED TO JUDGE STEPHEN GIZZI FOR ALL PURPOSES |

Plaintiffs COY CAULFIELD and RENEE CAULFIELD complain and allege of Defendants THE HOME DEPOT, THE HOME DEPOT, INC., HOME DEPOT STORE SUPPORT, INC., HOME DEPOT U.S.A., INC., HOME DEPOT PRODUCT AUTHORITY, LLC, NEW HOME DEPOT PRODUCT AUTHORITY, INC., and DOES 1 through 100, inclusive, and of each of them, as follows:

### PARTIES

1.     Plaintiff COY CAULFIELD is, and at all times relevant hereto was, an individual residing in the State of California.

2.     Plaintiff RENEE CAULFIELD is, and at all times relevant hereto was, an individual residing in the State of California.

- 1 -

3.      Plaintiff COY CAULFIELD at all times relevant hereto is and was married to RENEE CAULFIELD.

4.      Plaintiff RENEE CAULFIELD at all times relevant hereto is and was married to COY CAULFIELD.

5.      Plaintiffs are informed and therefore believe that at all relevant times alleged in this complaint, Defendant THE HOME DEPOT is, and at all relevant times was, a business entity conducting business in the State of California, County of Solano.

6.      Plaintiffs are informed and therefore believe that at all relevant times alleged in this complaint, Defendant THE HOME DEPOT, INC. is, and at all relevant times was, a business entity conducting business in the State of California, County of Solano.

7.      Plaintiffs are informed and therefore believe that at all relevant times alleged in this complaint, Defendant HOME DEPOT STORE SUPPORT, INC., is, and at all relevant times was, a business entity conducting business in the State of California, County of Solano.

8.      Plaintiffs are informed and therefore believe that at all relevant times alleged in this complaint, Defendant HOME DEPOT U.S.A., INC., is, and at all relevant times was, a business entity conducting business in the State of California, County of Solano.

9.      Plaintiffs are informed and therefore believe that at all relevant times alleged in this complaint, Defendant HOME DEPOT PRODUCT AUTHORITY, LLC is, and at all relevant times was, a business entity conducting business in the State of California, County of Solano.

10.     Plaintiffs are informed and therefore believe that at all relevant times alleged in this complaint, Defendant NEW HOME DEPOT PRODUCT AUTHORITY, INC. is, and at all relevant times was, a business entity conducting business in the State of California, County of Solano.

11.     The true names and capacities, whether individual, corporate, associate or otherwise, of the Defendants DOE 1 through DOE 100, inclusive, are unknown to Plaintiff, who therefore sue such Defendants by such fictitious names, and Plaintiff will amend this Complaint to show their true names and capacities when the same have been ascertained.

12.     Plaintiffs are informed and believe and thereon allege that each of the Defendants designated herein as a DOE are responsible under law in some manner and liable herein by reason of

1  negligence, negligence per se, strict liability, and in other manner, and by such wrongful conduct that

2  was a substantial factor in causing the events and happenings herein referred to and thereby caused the

3  injuries and damages to Plaintiffs as herein alleged.

4      13.    Plaintiffs are informed and believe, and thereon allege, that at all times relevant herein,

5  each Defendant, whether designated by name or as a DOE, was the agent, servant and employee of

6  every other Defendant, who was a principal, master, and employer of each other Defendant, and every

7  Defendant was acting within the course and scope of said agency, authority and employment.

8  Furthermore, each of the Defendants was a partner and was engaged in a joint venture with every other

9  Defendant, and each Defendant was acting within the course, scope, and in furtherance of said

10 partnership and joint venture; and each Defendant who was a principal, master, or employer

11 authorized, ratified, directed, and approved the acts, omissions, and conduct of each other Defendant;

12 and each Defendant assumed the liabilities of every other Defendant with respect to the conditions,

13 incident, events, injuries, and damages referred to herein.

14     14.    Whenever in this complaint reference is made to any act or omission of Defendants, or

15 any of them, such allegations shall be deemed to mean that the officers, directors, agents, trustees, and

16 employees of said Defendants did or authorized or ratified such acts or omissions while actively

17 engaged in the management, direction, control and employ of the affairs of said Defendants, and were

18 acting within the course and scope of their employment, authority, and agency.

19     15.    Whenever in this complaint reference is made to any act or omission of Defendants, and

20 each of them, such allegation shall be deemed to mean the act or omission of each Defendant, acting

21 individually, jointly, in concert, and severally, and in furtherance of their joint activity.

22     **JURISDICTION AND VENUE**

23     16.    This matter is properly before this court pursuant to California Code of Civil Procedure

24 ("CCP") §395(a), because the jurisdiction of this Court is the County where the Plaintiff was injured

25 and Defendants are located and/or situated within this Court's jurisdictional area.

26     17.    The amount in controversy exceeds the minimum jurisdictional amount of the unlimited

27 jurisdiction of the Superior Court of the State of California.

28 ///

## FIRST CAUSE OF ACTION

### Negligence/Premises Liability

(Plaintiff COY CAULFIELD against all Defendants)

18.    Plaintiff COY CAULFIELD incorporates by reference the allegations contained in paragraphs 1 to 17 as though fully set forth and pleaded herein, and further alleges and states as follows:

19.    Plaintiff COY CAULFIELD is informed and believes, and thereon alleges, that Defendants THE HOME DEPOT, THE HOME DEPOT, INC, HOME DEPOT STORE SUPPORT, INC., HOME DEPOT U.S.A., INC., HOME DEPOT PRODUCT AUTHORITY, LLC, NEW HOME DEPOT PRODUCT AUTHORITY, INC., and DOES 1 through 100, inclusive, and each of them, were and are the owners, occupants, operators, managers, repairers, lessees, lessors, users, equipment providers, contractors, managers, landlords, tenants and/or controllers of the store and store premises located at or near 510 Orange Drive, Vacaville, CA 95687 which is open to members of the public.

20.    That on or about September 24, 2021, Plaintiff was lawfully upon the premises of the Defendants, located at or near 510 Orange Drive, Vacaville, CA 95687, a commercial space, for lawful commercial purposes.

21.    That on or about September 24, 2021, and prior thereto, defendants, and their employees, representatives, servants, and/or agents, and each of them, whether named or identified as a DOE, violated a California statute, failed to discharge a mandatory duty, negligently used, controlled, operated, supervised, caused, permitted, managed, maintained, stocked merchandise, failed to stock merchandise, secured merchandise, failed to secure merchandise, repaired, failed to repair, entrusted, built, inspected, failed to inspect, installed, supervised, failed to supervise the store and store premises located at or near 510 Orange Drive, Vacaville, CA 95687, open to members of the public lawfully on the premises, allowing and/or causing them to be in a dangerous, defective and/or hazardous condition, in an area allowed for passage for persons lawfully upon the premises, including Plaintiff and others similarly situated, so as to create a dangerous condition on said property and, further, negligently failed to correct, refused to correct, failed to protect against, refused to protect against, failed to warn of, and/or refused to warn of dangerous conditions of the store and/or store premises so as to

-4-

1    substantially cause a bag of sand (and/or a bag of substantially similar merchandise) to fall on Plaintiff,

2    landing on his upper appendages, including, but not limited to his hand, which substantially caused the

3    injuries and damages as herein alleged.

4      22. As a substantial result of the aforementioned violation, failure, negligence and/or other

5    wrongful conduct and/or omissions of the defendants and/or their employees, representatives, servants,

6    and/or agents, and of each of them, it was foreseeable that persons lawfully upon the store and/or store

7    premises, including but not necessarily limited to Plaintiff and others similarly situated, would be

8    injured and that the risk from the aforementioned dangerous condition was substantial and not trivial.

9      23. That on or about September 24, 2021 and prior thereto, Defendants, and each of them,

10   knew, or said conditions had existed so long that defendants, and each of them, had constructive

11   knowledge thereof, that the store and/or store premises which was open to use by members of the

12   public lawfully upon the premises, including but not limited to Plaintiff were in a dangerous, defective

13   and/or hazardous condition in an area allowed for persons lawfully on the premises.

14     24. As a substantial result of the violation, failure, negligence and/or other wrongful

15   conduct and/or omissions of the defendants and/or their employees, representatives, servants, and/or

16   agents, and of each of them, and as a substantial result of the dangerous conditions of the store and

17   store premises, Plaintiff was hurt and injured in his health, strength, and activity, sustaining injury to

18   his body and shock and injury to his nervous system and person, all of which said injuries have caused

19   and continued to cause said Plaintiff great mental, physical and nervous pain and suffering. Plaintiff is

20   informed and believes and thereon alleges that said injuries will result in some permanent disability, all

21   to him general damage in an amount in excess of the minimum jurisdictional amount of the Superior

22   Court, and that he is entitled to receive prejudgment interest in accordance with law.

23     25. As a further substantial result of the violation, failure, negligence and/or other wrongful

24   conduct and/or omissions of the defendants and/or their employees, representatives, servants and/or

25   agents, and of each of them, and as a substantial result of the dangerous conditions of said public

26   property, Plaintiff was required to and did employ physicians and other healthcare providers to

27   examine, treat and care for him and did incur medical and incidental expenses and, further, Plaintiff is

28   informed and believes, and thereon alleges, that he will in the future be required thereby to employ

- 5 -

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES—UNLIMITED JURISDICTIONAL AMOUNT

1  healthcare providers to examine, treat and care for him and will incur future medical and incidental
2  expenses. The exact amount of such expense is unknown to Plaintiff at this time, and Plaintiff will ask
3  leave to amend his pleading to set forth the exact amount thereof when the same is ascertained, and
4  any and all prejudgment interest in accordance with law.

5      26.    As a further substantial result of the violation, failure, negligence and/or other wrongful
6  conduct and/or omissions of the Defendants and/or their employees, representatives, servants and/or
7  agents, and of each of them, and as a substantial result of the dangerous conditions of said public
8  property, Plaintiff has and/or will be prevented from obtaining future employment and/or future
9  employment opportunities, thereby sustaining damages for loss of future earnings and/or loss of future
10 earning capacity, and that Plaintiff is entitled to receive prejudgment interest in accordance with law.

11     27.    As a further substantial result of the negligence of Defendants alleged herein, Plaintiff
12 has and will continue to sustain general damages according to proof at the time of trial.

13     28.    As a further substantial result of the negligence of Defendants alleged herein, Plaintiff
14 has and will continue to sustain emotional damages according to proof at time of trial.

15                          **SECOND CAUSE OF ACTION**

16                            **Loss of Consortium**

17                (Plaintiff RENEE CAULFIELD against all Defendants)

18     29.    Plaintiff hereby incorporates the allegations contained in Paragraphs 1 through 28 as
19 though fully set forth and pleaded herein and further allege and state as follows:

20     30.    As a result of Defendants THE HOME DEPOT, THE HOME DEPOT, INC, HOME
21 DEPOT STORE SUPPORT, INC., HOME DEPOT U.S.A., INC., HOME DEPOT PRODUCT
22 AUTHORITY, LLC, NEW HOME DEPOT PRODUCT AUTHORITY, INC., and DOES 1 through
23 100's negligence, wantonness, and violation of non-delegable duties, which caused COY
24 CAULFIELD to become injured, RENEE CAULFIELD has been deprived of the services of her
25 husband by reason of his inability to carry on his usual duties, and loss of consortium. RENEE
26 CAULFIELD is informed and believes, and on that basis alleges, that the injuries to her husband are of
27 a permanent nature, and that she will be deprived of his love, companionship, comfort, care, services,
28 assistance, protection, affection, society, and moral support for a long period in the future, thereby

1  causing her damages in excess of the minimal jurisdictional amount for an unlimited civil case in the

2  Superior Court of the State of California.  The exact amount of such damages are unknown to RENEE

3  CAULFIELD at this time, and she will ask for leave to amend her pleading to set forth the exact

4  amount thereof when the same is ascertained by her, and any and all prejudgment interest in

5  accordance with law.

6                                                    **PRAYER**

7          31.     Wherefore, Plaintiff COY CAULFIELD prays for judgment against the Defendants

8  THE HOME DEPOT, THE HOME DEPOT, INC, HOME DEPOT STORE SUPPORT, INC., HOME

9  DEPOT U.S.A., INC., HOME DEPOT PRODUCT AUTHORITY, LLC, NEW HOME DEPOT

10  PRODUCT AUTHORITY, INC., and DOES 1 through 100, inclusive, and each of them, for:

11          (a)     General damages in excess of the minimum jurisdictional amount of the Superior Court;

12          (b)     All medical and incidental expenses, past and future, according to proof;

13          (c)     All loss of earnings, according to proof;

14          (d)     All prejudgment interest, on general and special damages, in accordance with law;

15          (e)     All costs of suit; and

16          (f)     Such other and further relief as this Court may deem just and proper.

17

18  DATED:  May 19, 2023                        MASTAGNI HOLSTEDT, A.P.C.

19

20                                                          By: _____
                                                                  GRANT A. WINTER
                                                                  Attorney for Plaintiffs

21

22                                      **DEMAND FOR JURY TRIAL**

23      Plaintiffs hereby demand a trial by jury.

24

25  DATED:  May 19, 2023                        MASTAGNI HOLSTEDT, A.P.C.

26

27                                                          By: _____
                                                                  GRANT A. WINTER
                                                                  Attorney for Plaintiffs

28

                                                    - 7 -
COMPLAINT FOR PERSONAL INJURIES AND DAMAGES—UNLIMITED JURISDICTIONAL AMOUNT

# EXHIBIT B

1  ZACHARY S. TOLSON, ESQUIRE - State Bar #242824
   ANGELIQUE HERNANDEZ - State Bar #349156
2  GOODMAN NEUMAN HAMILTON LLP
   100 Bush Street, Suite 1800
3  San Francisco, California 94104
   Telephone:    (415) 705-0400
4  Facsimile:    (415) 705-0411
   Emails: ztolson@gnhllp.com / ahernandez@gnhllp.com
5
   Attorneys for Defendant
6  HOME DEPOT U.S.A., INC.
   (erroneously sued herein as "THE HOME DEPOT; THE HOME DEPOT, INC.;
7  HOME DEPOT STORE SUPPORT, INC.; HOME DEPOT PRODUCT AUTHORITY,
   LLC; NEW HOME DEPOT PRODUCT AUTHORITY, LLC")
8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                     FOR THE COUNTY OF SOLANO

11

12  COY CAULFIELD, an individual; and          Case No. CU23-01531
    RENEE CAULFIELD, an individual,
13                                             **ANSWER OF DEFENDANT HOME
                            Plaintiffs,        DEPOT U.S.A., INC. TO PLAINTIFF'S
14                                             COMPLAINT**
    vs.
15                                             
    THE HOME DEPOT; THE HOME            Action filed: May 22, 2023
16  DEPOT, INC.; HOME DEPOT            Trial date: not set
    STORE SUPPORT, INC.; HOME
17  DEPOT U.S.A., INC.; HOME DEPOT
    PRODUCT AUTHORITY, LLC;
18  NEW HOME DEPOT PRODUCT
    AUTHORITY, LLC; and, DOES 1
19  through 100, inclusive,

20                            Defendants.

21        Defendant HOME DEPOT U.S.A., INC. (erroneously sued as THE HOME

22  DEPOT; THE HOME DEPOT, INC.; HOME DEPOT STORE SUPPORT, INC.; HOME

23  DEPOT PRODUCT AUTHORITY, LLC; NEW HOME DEPOT PRODUCT

24  AUTHORITY, LLC and hereinafter "Defendant"), in answer to the unverified Complaint

25  of Plaintiff, denies each and every, all and singular, allegations of the Complaint, and

26  denies that Plaintiffs have been injured or damaged in any of the sums mentioned in the

27  Complaint, or in any sum, or at all, as the result of any act or omission of this answering

28  Defendant.

Goodman Neuman
Hamilton LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104
Tel.: (415) 705-0400
Fax: (415) 705-0411

-1-

**ANSWER OF DEFENDANT HOME DEPOT U.S.A., INC. TO PLAINTIFF'S COMPLAINT**

**FIRST AFFIRMATIVE DEFENSE**

**Comparative Fault/Negligence of Plaintiff**

This answering Defendant alleges that Plaintiff was herself careless and negligent in and about the matters alleged in the Complaint, and that this carelessness and negligence on Plaintiff's own part contributed as a proximate cause to the happening of the incident, the injuries, and loss and damage complained of, and any recovery by Plaintiff should be reduced or eliminated based upon her comparative fault.

**SECOND AFFIRMATIVE DEFENSE**

**Comparative Fault/Negligence of Others**

As a separate and further affirmative defense, this answering Defendant alleges that the sole proximate cause of the injuries and damages, if any, allegedly suffered by the Plaintiff were the negligence and fault of persons or entities other than this answering Defendant, for whose acts or omissions this answering Defendant is not legally or otherwise responsible.

**THIRD AFFIRMATIVE DEFENSE**

**Failure to State a Cause of Action**

As a separate and further affirmative defense, this answering Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action against this answering Defendant.

**FOURTH AFFIRMATIVE DEFENSE**

**Lack of Personal Jurisdiction**

As a separate and further affirmative defense, this answering Defendant alleges that as to each and every cause of action alleged in the Complaint, the Court lacks personal jurisdiction over Defendant.

**FIFTH AFFIRMATIVE DEFENSE**

**Lack of Subject Matter Jurisdiction**

As a separate and further affirmative defense, this answering Defendant alleges that as to each and every cause of action alleged in the Complaint, the Court lacks subject

GOODMAN NEUMAN
HAMILTON LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104
Tel.: (415) 705-0400
Fax: (415) 705-0411

**ANSWER OF DEFENDANT HOME DEPOT U.S.A., INC. TO PLAINTIFF'S COMPLAINT**

matter jurisdiction over Defendant.

## SIXTH AFFIRMATIVE DEFENSE

### Lack of Capacity

As a separate and further affirmative defense, this answering Defendant alleges that said Complaint contains a defect in the parties whereby Plaintiff or certain Plaintiffs lack capacity to sue for those claims set forth therein.

## SEVENTH AFFIRMATIVE DEFENSE

### Misjoinder of Parties

As a separate and further affirmative defense, this answering Defendant alleges that said Complaint arises from a misjoinder of named parties whereby Plaintiff lacks the capacity to sue for those claims set forth therein. Such misjoinder will result in prejudice to Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

### Failure to Join Necessary Parties

As a separate and further affirmative defense, this answering Defendant alleges that said Plaintiff failed to join necessary parties whereby in the interest of justice and fairness the action cannot proceed in the absence of the parties that should have been joined.

## NINTH AFFIRMATIVE DEFENSE

### Real Parties in Interest

As a separate and further affirmative defense, this answering Defendant alleges that Plaintiff or certain Plaintiffs are not the real parties in interest, and lack standing to bring the claims set forth therein.

## TENTH AFFIRMATIVE DEFENSE

### Failure to Mitigate Damages

As a separate and further affirmative defense, this answering Defendant alleges that at all times and places mentioned in the Complaint, Plaintiff failed to mitigate her damages. The damages claimed by Plaintiff could have been mitigated by due diligence

Goodman Neuman Hamilton LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104
Tel.: (415) 705-0400
Fax: (415) 705-0411

-3-

1    on her part or by one acting under similar circumstances. Any recovery by Plaintiff
2    should be reduced or eliminated due to her failure to mitigate her damages.

3                    **ELEVENTH AFFIRMATIVE DEFENSE**
4                          **Spoliation of Evidence**
5             As a separate and further affirmative defense, this answering Defendant alleges
6    that Plaintiff, either intentionally or negligently, failed to preserve the primary evidence
7    relevant to this litigation, thus failing to afford this answering Defendant an opportunity
8    to inspect such evidence, thereby severely prejudicing Defendant. Plaintiff is therefore
9    barred from introducing secondary or lesser evidence, and any recovery should be
10   diminished accordingly.

11                   **TWELFTH AFFIRMATIVE DEFENSE**
12                          **Doctrine of Laches**
13            As a separate and further affirmative defense, this answering Defendant alleges
14   that Plaintiff has unreasonably delayed in bringing this action to the prejudice of
15   Defendant and this action is therefore barred by reason of the doctrine of laches.

16                  **THIRTEENTH AFFIRMATIVE DEFENSE**
17                          **Assumption of Risk**
18            As a separate and further affirmative defense, this answering Defendant alleges
19   that Plaintiff had full knowledge of all the risks, dangerousness and hazards, if any there
20   were, and nevertheless voluntarily and with full appreciation of the amount of danger
21   involved in her actions and the magnitude of risk involved, assumed the risk of damages
22   to herself.

23                  **FOURTEENTH AFFIRMATIVE DEFENSE**
24                               **Causation**
25            As a separate and further affirmative defense, this answering Defendant alleges
26   that its conduct was not the cause in fact or the proximate cause of any of the losses
27   alleged by Plaintiff.
28   ///

GOODMAN NEUMAN
HAMILTON LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104
Tel.: (415) 705-0400
Fax: (415) 705-0411

-4-

**ANSWER OF DEFENDANT HOME DEPOT U.S.A., INC. TO PLAINTIFF'S COMPLAINT**

1

## FIFTEENTH AFFIRMATIVE DEFENSE

2

### No Notice of Dangerous Condition

3      As a separate and further affirmative defense, this answering Defendant alleges

4 that they had no notice, or inadequate notice, of any dangerous conditions that may or

5 may not have existed at the time of the losses alleged by Plaintiff, such that any

6 preventative measures could have been taken.

7

## SIXTEENTH AFFIRMATIVE DEFENSE

8

### Statute of Limitations

9      As a separate and further affirmative defense, this answering Defendant alleges

10 that the Complaint of Plaintiff is barred by the statute of limitations stated in Part 2, Title

11 2, Chapter 3, of the California Code of Civil Procedure, beginning with Section 335, and

12 continuing through Section 349.4 and, more particularly, but not limited to, Sections 337,

13 337.1, 337.15, 337.5, 338, 339, 340 and/or 343.

14

## SEVENTEENTH AFFIRMATIVE DEFENSE

15

### Workers' Compensation – Exclusive Remedy

16      As a separate and further affirmative defense, this answering Defendant alleges

17 that Plaintiff was, at all relevant times, a special employee of Defendant and acting in the

18 course and scope of that special employment, and that this action is therefore barred by

19 the exclusive remedy provisions of the Workers' Compensation Act, as contained in

20 California Labor Code sections 3600, 3601, and 3602.

21

## EIGHTEENTH AFFIRMATIVE DEFENSE

22

### Reduction of Workers' Compensation Lien

23      As a separate and further affirmative defense, this answering Defendant alleges that

24 at all times material herein, the Plaintiff was in the course and scope of her employment

25 and that Plaintiff and her employer were subject to the provisions of the Workers'

26 Compensation Act of the State of California; that certain sums have been paid to or on

27 behalf of Plaintiff herein under the applicable provisions of the Labor Code of the State of

28 California; that Plaintiff's employer and Plaintiff's co-employees were negligent and

GOODMAN NEUMAN
HAMILTON LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104
Tel.: (415) 705-0400
Fax: (415) 705-0411

**ANSWER OF DEFENDANT HOME DEPOT U.S.A., INC. TO PLAINTIFF'S COMPLAINT**

careless and that such negligence and carelessness proximately contributed to and caused the injuries of Plaintiff, if any; and that under the doctrine of *Witt v. Jackson* such negligence and carelessness should reduce or eliminate any lien claim or claim in a Complaint-In-Intervention which may be made for reimbursement of Workers' Compensation benefits paid to or on behalf of Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

### Apportionment

As a separate and further affirmative defense, this answering Defendant alleges that if they are found liable for any injury and damage to Plaintiff, then said liability, if any, must be limited to this answering Defendant's proportionate share of fault, if any there be, pursuant to Code of Civil Procedure Section 1431.2.

## TWENTIETH AFFIRMATIVE DEFENSE

### Alteration

As a separate and further affirmative defense, this answering Defendant alleges that the subject products/services/work identified in the Complaint were misused, modified, altered and/or subjected to certain treatment by Plaintiff and/or other unknown individuals or entities which substantially changed the performance, application characteristics, composition and formulation of the subject products after they left this answering Defendant's custody and control.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### Compliance with Standards

As a separate and further affirmative defense, this answering Defendant alleges that the methods and procedures they employed in manufacturing, assembling, packaging, distributing, supplying and selling the products and/or services complied with all industry standards, federal, state and local regulations, and applicable states of the art in the industry, at all times mentioned herein.

///

///

GOODMAN NEUMAN
HAMILTON LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104
Tel.: (415) 705-0400
Fax: (415) 705-0411

-6-

**ANSWER OF DEFENDANT HOME DEPOT U.S.A., INC. TO PLAINTIFF'S COMPLAINT**

1

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

2

**Reservation of Rights**

3        As a separate and further affirmative defense, this answering Defendant alleges

4  that Defendant presently has insufficient knowledge or information on which to form a

5  belief as to whether they may have additional, as yet unstated, defenses available.

6  Defendant reserves herein the right to assert additional defenses in the event discovery

7  indicates that they would be appropriate.

8

**TWENTY-THRID AFFIRMATIVE DEFENSE**

9

**Estoppel**

10       As a separate and further affirmative defense, this answering Defendant alleges that

11  Plaintiff has waived and/or is estopped from alleging the matters set forth in the

12  Complaint.

13

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

14

**Discharge of Duties**

15       As a separate and further affirmative defense, this answering Defendant alleges

16  that, prior to the commencement of this action, this answering Defendant duly performed,

17  satisfied and discharged all of its duties and obligations arising out of any and all

18  agreements, representations or contracts made by them.

19

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

20

**Trivial Defect**

21       As a separate and further affirmative defense, this answering Defendant alleges

22  that the claims asserted in the Complaint are barred by the trivial defect doctrine.

23

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

24

**Statute of Frauds**

25       As a separate and further affirmative defense, this answering Defendant alleges that

26  the Complaint and each of cause of action thereof, is barred by the Statute of Frauds.

GOODMAN NEUMAN
HAMILTON LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104
Tel.: (415) 705-0400
Fax: (415) 705-0411

27  ///

28  ///

1     **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

2     **Waiver**

3     As a separate and further affirmative defense, this answering Defendant alleges that

4     the Complaint and each of cause of action thereof, is barred by Waiver.

5     **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

6     **Products Liability - Unforeseeable Use**

7     As a separate and further affirmative defense, this answering Defendant alleges that

8     if Plaintiff sustained injuries attributable to the use of any product of this Defendant,

9     which allegations are expressly denied, the injuries were caused in whole or in part by the

10    unreasonable, unforeseeable and inappropriate purpose and/or improper use which was

11    made of the product.

12    **TWENTY-NINETH AFFIRMATIVE DEFENSE**

13    **Compliance with Standards**

14    As a separate and further affirmative defense, this answering Defendant alleges that

15    the methods and procedures employed in manufacturing, assembling, packaging,

16    distributing, supplying and selling the products and/or services complied with all industry

17    standards, federal, state and local regulations, and applicable states of the art in the

18    industry, at all times mentioned herein.

19    **THIRTIETH AFFIRMATIVE DEFENSE**

20    **Products Liability - Misuse and Abuse**

21    As a separate and further affirmative defense, this answering Defendant alleges that

22    the damages complained of in the Complaint were caused in whole or in part by the

23    misuse and abuse of the product.

24    **THIRTY-FIRST AFFIRMATIVE DEFENSE**

25    **Warranty – Failure to State Cause of Action**

26    As a separate and further affirmative defense, this answering Defendant alleges that

27    the Complaint and each cause of action thereof, fails to state a cause of action in that

28    Plaintiff failed to give timely and proper notice of breach of warranty.

Goodman Neuman
Hamilton LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104
Tel.: (415) 705-0400
Fax: (415) 705-0411

-8-

**ANSWER OF DEFENDANT HOME DEPOT U.S.A., INC. TO PLAINTIFF'S COMPLAINT**

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### Products Liability – Modification, Alteration, and Change

As a separate and further affirmative defense, this answering Defendant alleges that the injuries and damages sustained by Plaintiff, if any, were solely and legally caused by the modification, alteration or change of the product referred to in the Complaint and said modification, alteration or change was performed by persons or entities other than this answering Defendant and without Defendant's knowledge or consent.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### Unclean Hands

As a separate and further affirmative defense, this answering Defendant alleges that Plaintiff is barred from recovery by reason of her unclean hands.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### Debt Offset

As a separate and further affirmative defense, this answering Defendant alleges that Plaintiff's alleged debt should be offset against monies owed by the Plaintiff to this answering Defendant.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### Proposition 51

As a separate and further affirmative defense, this answering Defendant alleges that if this answering Defendant is found liable for any injury and damage to Plaintiff, then said liability for non-economic damages to Plaintiff must be limited to this answering Defendant's proportionate share of fault, if any there be, as defined by Cal. Civil Code Section 1431.2, et seq.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### Res Judicata

As a separate and further affirmative defense, this answering Defendant alleges that Plaintiff's Complaint, and each cause of action thereof, is barred by the doctrine of Res Judicata.

Goodman Neuman
Hamilton LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104
Tel.: (415) 705-0400
Fax: (415) 705-0411

**ANSWER OF DEFENDANT HOME DEPOT U.S.A., INC. TO PLAINTIFF'S COMPLAINT**

1

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

2

### Collateral Estoppel

3      As a separate and further affirmative defense, this answering Defendant alleges

4  that Plaintiff's Complaint, and each cause of action thereof, is barred by the doctrine of

5  Collateral Estoppel.

6      WHEREFORE, Defendant prays:

7      1.      Plaintiff takes nothing against it by her Complaint;

8      2.      Defendant has judgment for its costs of suit; and

9      3.      Such other and further relief as the court deems just and proper.

10  DATED:  July 5, 2023              GOODMAN NEUMAN HAMILTON LLP

11

12                                  By: _____

13                                  ZACHARY S. TOLSON
                                    ANGELIQUE HERNANDEZ
14                                  Attorneys for Defendant
                                    HOME DEPOT U.S.A., INC.

15

16

17

18

19

20

21

22

23

24

25

26

GOODMAN NEUMAN
HAMILTON LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104
Tel.: (415) 705-0400
Fax: (415) 705-0411

27

28

-10-

**ANSWER OF DEFENDANT HOME DEPOT U.S.A., INC. TO PLAINTIFF'S COMPLAINT**

# PROOF OF SERVICE

**CASE NAME:** *Caulfield, Coy, et al. v. The Home Depot, et al.*
**CASE NUMBER:** CU23-01531
**DATE OF SERVICE:** July 5, 2023

**DESCRIPTION OF DOCUMENTS SERVED:**

### ANSWER OF DEFENDANT HOME DEPOT U.S.A., INC. TO PLAINTIFF'S COMPLAINT

**SERVED ON THE FOLLOWING:**

David P. Mastagni
Grant A. Winter
Mastagni Holstedt, A.P.C.
1912 I Street
Sacramento, CA 95811
T: (916) 446-4692 / F: (916) 447-4614
Gwinter@mastagni.com
*Attorneys for Plaintiffs*

I am over the age of 18 years and not a party to or interested in the above-named case. I am an employee of Goodman Neuman Hamilton LLP, and my business address is 100 Bush Street, Suite 1800, San Francisco, CA 94104. On the date stated above, I served a true copy of the document(s) described above:

**BY ELECTRONIC TRANSMISSION ONLY:** Pursuant to Code of Civil Procedure section 1010.6(e)(1), I caused a copy of the above document(s) to be sent to the person(s) at the e-mail address(es) listed above by electronic transmission. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on the date stated above.

_____
Michelle Valentine

GOODMAN NEUMAN
HAMILTON LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104
Tel.: (415) 705-0400
Fax: (415) 705-0411

PROOF OF SERVICE

# EXHIBIT C

JOHN R. HOLSTEDT
CRAIG E. JOHNSEN
BRIAN A. DIXON
STEVEN W. WELTY
STUART C. WOO
DAVID E. MASTAGNI
RICHARD J. ROMANSKI
PHILLIP R.A. MASTAGNI
KATHLEEN N. MASTAGNI STORM
SEAN D. HOWELL
WILLIAM P. CREGER
SEAN D. CURRIN
DANIEL L. OSIER
KENNETH E. BACON
GRANT A. WINTER
JOSHUA A. OLANDER
HOWARD A. LIBERMAN
DOUGLAS T. GREEN
MELISSA M. THOM
JASON M. EWERT
JONATHAN D. CHAR
BRETT D. BEYLER
VANESSA A. MUNOS
KIMBERLY A. VELAZQUEZ

JOSEPH A. HOFFMANN
MICHAEL P. R. REED
JOEL M. WEINSTEIN
TAYLOR DAVIES-MAHAFFEY
CARLY M. MORAN
BYRON G. DANELL
GARRETT PORTER
WILLIAM C. BAIRD
JEDEDIAH J. PARR
STEVEN N. WELCH
BRIAN GABRIEL
DAVID WITKIN
FRANK TERRERI
ROBERT C. ECKL
ELLIOTT R. STEVENSON
PATRICK M. BRADY
PRINCEPREET SINGH
SPENCER M. SHURE
DAMON T. APPELBLATT
ASHLEY M. PRADO
BRANDON GOMEZ
EDUARDO RUIZ
HALEY TANGEN
TANNER ARY

Sacramento Office
1912 I Street
Sacramento, CA
95811
(916) 446-4692
Fax (916) 447-4614
Tax ID #94-2678460

Rancho Cucamonga Office
(909) 477-8920

Chico: (530) 895-3836
San Jose: (408) 292-4802
Los Angeles: (213) 640-3539

**MASTAGNI HOLSTEDT**

*A Professional Corporation*

*All Correspondence to Sacramento Office*
www.mastagni.com

**January 19, 2023**

*Sent via Mail and E-mail*

Mr. Sean Batiste
**Sedgwick Claims Management Services, Inc.**
P.O. Box 14451
Lexington, KY 40512-4451
*E-mail: Sean.Batiste@sedgwick.com*

| *Re:* | **Your Client:** | **The Home Depot** |
|---|---|---|
| | **Out Client:** | **Coy Caulfield** |
| | **Claim:** | **20210992686** |
| | **DOI:** | **September 24, 2021** |

Dear Mr. Batiste:

As you know, our firm represents Mr. Coy Caulfield for the serious injuries he sustained on September 24, 2021, that occurred at a Home Depot store located at 510 Orange Drive, Vacaville, CA, 95687.



/ / /

/ / /

/ / /

- 1 -



In light of the mentioned circumstances, **we demand settlement for $350,000.00.**

DATE: January 19, 2022

MASTAGNI HOLSTEDT, A.P.C.

By: _____
        GRANT A. WINTER
        Attorney at Law

- 4 -